UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: - Civ

ALEXANDR ROMANOV,
an Individual Petitioner,

     -vs.-

ANYA SOTO,
an Individual Respondent.

_____/

**VERIFIED PETITION FOR RETURN OF MINOR CHILDREN, ISSUANCE OF SHOW CAUSE ORDER AND PROVISIONAL MEASURES**

The Convention on Civil Aspects of International Child Abduction done at the Hague on October 25, 1980; International Abduction Remedies Act, 22 U.S.C. 9001 et. seq.

**I.**                                         **PREAMBLE**

1) This Petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980[1] (hereinafter the "Convention" or "Treaty") and 22 U.S.C. §9001 et. seq. ICARA was enacted to address the wrongful removal and retention of the children and to allow a petitioner to assert those rights in exigent circumstances.

2) Canada ratified the Convention on February 6, 1983. The Convention went into effect in the United States of America on July 1, 1988, and thereby was ratified between the United States of America and Canada.

3) The objects of the Convention are:

(a) Article 1(a): To secure the prompt return of children wrongfully retained

---

[1] TIAS, No.11670 at 1,22514 U.N.T.S. at 98 represented in 51 Fed.Reg. 10,493 (1986).

or removed in any Contracting State; and
(b) Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

**II.**                                       **JURISDICTION**

4) This Court has express jurisdiction of the cause pursuant to 22 U.S.C. §9001 et. seq.; and 28 U.S.C.1331 because this matter involves the wrongful retention of minor children. Upon information and belief, the children who are subject of this action, M.A.R., born on █████ 2012, and V.A.R., born on █████, 2008, are presently located within the jurisdiction of this Court.

**III.**                                       **VENUE**

5) Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b); 22 U.S.C. 9001.

**IV.**                         **PETITION FOR RETURN OF MINOR CHILDREN**

6) Petitioner is the father (hereinafter "Father") of the minor children and enjoys rights of legal and physical custody of his daughters under the laws of Canada, within the meaning of Articles Three and Five of the Treaty. On or about June 18, 2021, 3 months after the wrongful retention of the minor children by their Mother, the Father submitted his request for diplomatic assistance, pursuant to the Hague Convention on the Civil Aspects of Child Abduction, with the Central Authority in Canada, the Ministry of the Attorney General, Central Authority of the Province of Ontario, Canada.

7) The Central Authority is charged under the Treaty to communicate with, and transmit their request to, the United States Department of State for urgent assistance in the prompt location and recovery of the minor children. The application to the Central Authority; along with appendices, is attached hereto. *See* Request for the Return of an Abducted Child Under the Hague Convention of 25 October 1980 attached hereto as **Exhibit "A."**

8) On or about May 28th, 2021, the Mother filed a Motion to amend an Application for modification of the parties separation agreement, seeking to add the permanent relocation of the Children to the United States. *See* Form 14B Motion with attached Form 14A Affidavit (General) attached hereto as **Exhibit "B."** Father filed his objection to same on June 3, 2021. See Affidavit attached hereto as **Exhibit "C."**

9) The minor children are both under the age of sixteen (16).

10) At the time of the wrongful retention, and continuing until the present, the Father, the Mother, and the minor children have all been citizens of Canada, held Canadian passports, and held Canadian identification numbers. Mother did, however, remarry in 2019 to a U.S. Citizen, Lili Soto.

11) In 2008, the Father and the Mother married in Ontario, Canada, separated in 2017, and were formally divorced in 2019. The parties entered into a separation Agreement in March of 2017, and of which provides that the Mother and the Father have shared parenting and joint custody of the children. The Agreement provides the Father with "liberal and generous access" however, in any event, overnights every Tuesday and alternate weekends from Friday through Sunday. *See* Separation Agreement attached hereto as **Exhibit "D."**

12) The minor children have exclusively lived in Canada from their birth until approximately March 10, 2021, when Mother did not return to Canada as agreed. The Mother residing with the children in North York, Ontario, M2N OC2, Canada during her respective timesharing and Father residing with the children at North York, Ontario M2N OA3, Canada during his respective timesharing.

13) On or around August 2020, Mother requested permission from Father to travel to the United States with the children from January 4, 2021 to March 10, 2021 for purposes of vacationing. Father agreed to the proposed vacation travel with the children,

however they never spoke of this trip again and Mother never sought Father's signed travel consent as required pursuant to the parties Separation Agreement. *See* **Exh. "D."**

14) On or around October 24, 2020, based on entirely false and misleading information, Mother began to deny Father access to the children and had Father involuntary committed for evaluation under Canada's Mental Health Act. Father was released the same day as no issues were observed and has subsequently received several reports of sound mental health. Despite such reports, Mother continued to withhold the children from Father. *See* **Exh. C**; *see also* letter for Father's Attorney to Mother's Attorney dated December 31, 2020 attached hereto as **Exhibit "E"**.

15) Subsequently, on or around December 22, 2020, Mother filed an Application to modify the parties separation agreement. Father timely filed his Answer and objection on February 9, 2021 seeking full restoration of the parties separation agreement and more importantly, access to the children. See **Exh. B** and **Exhibit "F."**

16) On or about December 25, 2020, Mother left Canada with the children and without providing Father with actual notice of their departure. Father was informed of their travel on or around December 31, 2020, by way of text message with minor child, V.A.R.

17) On or about May 26, 2021, Mother informed Father that she is no longer intending to return to Canada with the minor children and intends to relocate with the Children to the United States permanently. See **Exh. B**.

18) Upon information and belief, the minor children are currently being retained by their Mother in Jacksonville, Florida 32246, United States.

**EVIDENCE OF WRONGFUL RETENTION OF MINOR CHILDREN**

19) Prior to Mother arriving in the United States, the parties agreed that the children could vacation in the United States from January 4, 2021 to March 10, 2021. *See* **Exh. B** (evidencing her knowledge that the habitual residence of the Children is Canada and

lack of any agreement by the parties to alter their permanent residence); *see also* **Exh. E** (reiterating understanding of travel as vacation).

20) On or about May 26, 2021, Mother informed Father that she will not be returning to Canada with the subject children. See **Exh. B.**

21) Father has requested the return of the children of which Mother has refused. *See* **Exh. C**; *See also* **Exh. E; c**orrespondence sent on behalf of Petitioner to Mother February 16, 2021, April 19, 2021, and May 13, 2021 attached hereto as **Exhibit "G."**

22) Father never consented or acquiesced to the Children relocating from North York, Ontario, Canada to Jacksonville, Florida, United States.

23) At the time the Respondent wrongfully removed and retained the children, Father was exercising his custody rights to the children, complied with all the terms of the Parties separation agreement and his child support obligations and was pursuing his legal rights to the Children as provided by law in Ontario, Canada. See **Exh. D**; *see also* **Exh. F.** Although Father permitted the children to vacation in Florida from January 2021 to March 2021, at no point in time did Father acquiesce to the children remaining after March 10, 2021 or permanently remaining in the United States.

24) Until Mother filed her Motion in the Superior Court of Justice, Ontario Canada, Father was of the understanding that Mother was returning to Canada with the children and Father was pursuing his rights and access to the children through proper channels through the Court's Family Division and the parties pending matter.

25) Subsequent to Mother's Motion and Father's Objection, the parties attended a conference before the Superior Court of Justice on June 30, 2021, in the pending family matter in Canada, wherein the Court stayed all proceedings pending the resolution of the Hague Convention Application. See Affidavit by Bookman Law Professional Corporation attached hereto as **Exhibit "H."**

26) As stated in Mother's Motion to amend her December application filed in Canada, Mother has started efforts to sell her real property and belongings remaining in Canada. *See* **Exh. B** *and* **Exh. G** (letter dated May 13, 2021).

27) As agreed by the parties prior to the children arriving in the U.S., the children should be returned to Canada immediately.

28) Moreover, the children's significant ties remain in Canada. The children have been in the United States in Florida for less than seven (7) months and have not created any substantial, meaningful ties to their community in the United States.

29) Furthermore, the children are still young and have maintained strong ties with friends and family back home in Canada, where their life is still meaningfully centered. The minor children were born and raised in Canada, they are not U.S. citizens, are not enrolled in U.S. schools, and their entire life is still centered in Canada.

30) This petition is being filed before one (1) year from the date of the Mother's wrongful retention on March 10, 2021. The Children and Mother are currently remaining in the U.S. potentially illegally, as they are beyond the permitted six month non-visa stay at time of entry.

31) It is clear, as the objective evidence demonstrates, and will be affirmed by the court of competent jurisdiction, that pursuant to Article 4 and 5 of the Hague Convention on the Civil Aspects of International Child Abduction, the minor children's habitual residence is in Canada; the Mother wrongful retained the children on March 10, 2021; the Father possessed and was exercising custodial rights over the children at the time of the Mother's wrongful retention; that the Mother's retention was a violation of the Father's custodial right's and, thereby, wrongful; and that there are ample facts to support the legal and factual conclusion that the laws of Canada should apply to require the immediate repatriation of the children back to Canada and to determine the parties' custody dispute regarding the

children.

## INTERNATIONAL AND PROVISIONAL MEASURES

32) Article 15 of the Treaty contemplates that a Petitioner may, in advance of an order of return "obtain from authorities of the state of habitual residence of the child[ren] a decision or other determination that the removal or retention was wrongful within Art. 3 of the Convention where such decision or determination may be obtained." TIAS, No. 11670 at 1,22517 U.N.T.S. at 98, 51 Fed. (1986).

33) It is requested that Petitioner be permitted to video/facetime/webcam/whatsapp video chat or any other such real time communication with the children daily at 7p.m (EST) for at least 30 minutes.

**V.**                              **PROVISIONAL REMEDIES**

34) This Court, in furtherance of the objectives of the Convention, may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the children involved or to prevent further removal or concealment before the final disposition. 22 U.S.C. § 9004.

35) It is requested that this Court immediately provide an order restraining any further removal of the minor children from the jurisdiction of this Court's district; requiring the production of the minor children along with a complete set of their travel documents; and *provisionally* transferring the physical custody and parental responsibility and provide arrangements for interim parental access with the minor children pending the issuance of any temporary or permanent custody order by the Court of competent jurisdiction, or the resolution of this matter, whichever shall first occur.

36) It is requested that the Court issue an Order which would require the immediate surrender of the children's travel documents; and prohibition of their removal from the jurisdiction of the court, pending resolution of this matter; further to set an expedited

hearing on the Petition for Return, and ordering the Respondent to appear personally **forthwith**. *Zajacakowski v. Zajaczkowska,* 932 F. Supp. 128. 132 (S.D. Maryland 1996) (the Court must treat the Convention petition as an application for a Writ of Habeas Corpus […] pursuant to 28 U.S.C.A. 2243).

## RELIEF SOUGHT

WHEREFORE, Petitioner, ALEXANDR ROMANOV, respectfully requests the following relief:

a. An Order directing the prompt return of the minor children M.A.R., 2012, and V.A.R., 2008, back to Canada and providing Petitioner Father immediate transfer of physical custody for the purposes of repatriation to Canada;

b. An Order granting Petitioner video/facetime/webcam/whatsapp video chat or any other such real time communication with his children daily at 7pm (EST) for at least 30 minutes.

c. An Order compelling Respondent to personally appear in this Court and to demonstrate why the minor children should not be immediately returned to Canada;

d. An Order requiring the immediate surrender of all identity and travel documents of the minor children and immediately requiring the surrender of the Respondent's passport to the Court, pending further Order of the Court.

e. Award all legal costs and expenses, including without limitation all attorneys' fees and costs of suit and repatriation as required by 22 U.S.C. § 9007 to Petitioner Father.

f. Any other relief as justice and its cause requires.

.

Dated this August 11th, 2021

                                                        Respectfully submitted,

                                                        **BOYER LAW FIRM, P.L.**
                                                        */s/ Francis Boyer*
                                                        Francis M. Boyer, Esq.
                                                        Florida Bar No. 55458
                                                        Jennifer F. W. Sticha, Esq.
                                                        Florida Bar No. 1010878
                                                        Offices at Business Place
                                                        9471 Baymeadows Road
                                                        Suite 406
                                                        Jacksonville, Florida 32256
                                                        Tel : (904) 236-5317
                                                        Fax: (904) 371-3935
                                                        FBoyer@BoyerLawFirm.com
                                                        *Attorneys for Petitioner*

## VERIFICATION

I, ALEXANDR ROMANOV, solemnly declare and affirm under the penalties of perjury and the laws of the United States of America, that the contents of the foregoing Petition are true to the best of my knowledge, information, and belief.

_____
ALEXANDR ROMANOV