UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:21–CV-00779

ALEXANDR ROMANOV,
an Individual Petitioner,

-vs.-

ANYA SOTO,
an Individual Respondent.

_____/

SECOND AMENDED PRE-TRIAL STATEMENT

1.  **Basis for the Court's Jurisdiction:**

This Court has express jurisdiction of this cause pursuant to 22 U.S.C. §9001 et. seq.; and 28 U.S.C.1331 because this matter involves the wrongful retention of minor children who are within the Court's jurisdiction. Furthermore, the Court's jurisdiction was otherwise stipulated in open court and not otherwise contested by the parties.

2.  **Concise Statement of Action:**

This action is for the return of the parties' children to Canada under Convention on Civil Aspects of International Child Abduction, Oct. 25, 1980, ("Hague Convention" hereinafter), and 22 U.S.C. §9001, *et. seq.*, commonly known as the International Child Abduction Remedies Act or "ICARA.".

3.  **Concise Statement of each party's position:**

Petitioner alleges that the children were habitually resident in Ontario, Canada and were retained in the United States by Respondent; (2) that said retention was wrongful in that it was a violation of Petitioner's custodial rights, which Petitioner had been exercising at the time; (3) that the Convention was in force between Canada and the United States at the time of wrongful retention; and (4) that the children are under the age of 16.

**Respondent raised several defenses through her answer.  However, by admission of facts herein below, Respondent recognizes that her primary defense is the children's objection to return.  The other defenses raised by the Respondent's answer technically are not being abandoned but are unlikely to be established as a result of a lack of evidence and admitted facts.**

4.  **List of Exhibit with a notation of each objection:**

| Exhibit No. | PETITIONER'S DESCRIPTION | OBJECTIONS* | Specific Legal Basis for Objection |
|---|---|---|---|
| 1 | Petition Exhibit "A," Ontario Court Case filings composite | No | |
| 2 | Petition Exhibit "B," Text message composite between Petitioner and Respondent regarding Florida spring visits | No | |
| 3 | Petition Exhibit "C," Text message between Petitioner and Respondent regarding Florida winter visit | No | |
| 4 | Petition Exhibit "D," Text message between Petitioner and Respondent regarding child support | No | |
| 5 | Petition Exhibit "E," Text message between Petitioner and Respondent regarding holiday exchange of custody | No | |
| 6 | Petition Exhibit "F," Text message between Petitioner and Respondent regarding exchange of custody in October 2020 | No | |
| 7 | Petition Exhibit "G," Text message between Petitioner and oldest child regarding trip to Florida | No | |
| 8 | Petition Exhibit "H," Respondent's May 2021 Text message exchange between oldest child and Petitioner | No | |
| 9 | Petition Exhibit "I," Mr. Bookman's Resume | No | |
| 10 | Petition Exhibit "J," Children Law of Ontario excerpt | No | |
| 11 | All exhibits listed by Respondent that are ruled admissible | No | |

*Objections, if any, are unknown at this time.

| Exhibit No. | RESPONDENT'S DESCRIPTION | OBJECTIONS * | Specific Legal Basis for Objection |
|---|---|---|---|
| 1 | Parties Separation Agreement dated March 30, 2017 | No | |
| 2 | "Case History Report" *Anya Soto, Applicant, and Alexandr Romanov, Respondent,* Court File Number FS-20-201815-000, Superior Court of Justice, Ontario Canada ("Canadian Case" hereinafter) | No | *Not otherwise received by counsel |
| 3 | Respondent's "Form 8: Application (General)" signed by Respondent December 8, 2020 | No | |
| 4 | Respondent's "Form 8: <u>Amended</u> Application (General)" dated May 25, , in Canadian Case | No | |
| 5 | Respondent's Form 14A Affidavit dated May 28, 2021, in Canadian Case | No | |
| 6 | Respondent's Form 14A Affidavit dated June 4, 2021, in Canadian Case | No | |
| 7 | "Endorsement" dated June 30, 2021, in Canadian Case | No | |
| 8 | Undated text message exchange between Mr. Romanov and V. Romanova | Yes | Relevancy, Admissibility |
| 9 | September 26, 2020 text message exchange between Mr. Romanov and V. Romanov | Yes | Relevancy, Admissibility; *not received by counsel |
| 10 | May 22, 2021 text message exchanges between Mr. Romanov and V. Romanov | Yes | Relevancy, Admissibility, hearsay |
| 11 | June 21, 2021 text message exchange between Mr. Romanov and V. Romanov | Yes | Relevancy, Admissibility |
| 12 | Translated text message from September 26, 2020 | Yes | Relevancy, Admissibility |
| 13 | Translated message from September 26, 2020 ("when V. Romanov was upset and crying") | Yes | Relevancy, Admissibility |
| 14 | Affidavit of Support of Claim for Custody or Access dated for February 8, 2021 | No | |
| 15 | Communication log | Yes | Hearsay, relevancy, admissibility, foundation, authenticity |

| 16 | Proposal to change parenting arrangements and/or contact arrangements | No | |
|---|---|---|---|
| 17 | Translated August 19, 2020 text message exchange | No | |
| 18 | Translated September 5, 2020 text message exchange | Yes | Relevancy, Admissibility |
| 19 | Correspondence between the parties' attorneys in Canada<br><br>a. Letters from Jeff Rechtshaffen to Steven Bookman dated<br><br>i. October 22, 2020;<br>ii. October 27, 2020;<br>iii. October 23, 2020;<br>iv. October 28, 2020;<br>v. November 25, 2020;<br>vi. November 26, 2020;<br>vii. January 4, 2021;<br>viii. January 22, 2021;<br>ix. February 16, 2021;<br>x. April 14, 2021;<br>xi. April 21, 2021;<br>xii. April 27, 2021;<br>xiii. May 6, 2021;<br>xiv. May 26, 2021;<br>xv. June 2, 2021;<br><br>b. Emails dated:<br><br>i. June 25, 2021;<br>ii. July 29, 2021 | No | All correspondence has not been received by counsel |
| 20 | Letter from Jeff Rechtshaffen to Steven Bookman dated January 4, 2021 | No | |
| 21 | Letter from Jeff Rechtshaffen to Steven Bookman dated January 22, 2021 | No | |
| 22 | Letter from Jeff Rechtshaffen to Steven Bookman dated May 26, 2021 | No | Not received by Counsel |
| 23 | Letter from Jeff Rechtshaffen to Steven Bookman dated June 2, 2021 | No | Not received by Counsel |
| 24 | Email from Jeff Rechtshaffen to Steven Bookman dated July 29, 2021 | No | Not received by Counsel |
| 25 | Justice Papageorgiou Endorsement dated June 30, 2021 | Yes | Relevancy |
| 26 | Email dated June 3, 2021 from PC Michelle Tasse' of the Toronto Police Service | No | |

| 27 | Letter dated November 26, 2020 from Jeff Rechtshaffen | No | |
|---|---|---|---|
| 28 | Notes prepared by Anya Soto | Yes | Hearsay, Relevancy, Admissibility |
| 29 | Copies of children's passports | Yes | Not received by counsel |
| 30 | Children's passport applications and photos | Yes | Not received by counsel |
| 31 | All exhibits listed by Petitioner | No | |

*Petitioner generally objects to relevancy and admissibility

**5.  List of Witnesses by name only:**

| PETITIONER'S WITNESSES NAMES | LIKELIHOOD THE WITNESS WILL TESTIFY | OBJECTIONS* | Specific Legal Basis for Objection |
|---|---|---|---|
| **ALEXANDR ROMANOV** | HIGH | No | |
| **STEVEN M. BOOKMAN** | HIGH | No | |
| **OXANA KISELMAN** | REBUTTAL ONLY/UNKNOWN | No | |
| **NIKOLAY ROMANOV** | REBUTTAL ONLY/UNKNOWN | No | |
| **LYUBOV ROMANOVA** | REBUTTAL ONLY/UNKNOWN | No | |

| RESPONDENT'S WITNESSES NAMES | LIKELIHOOD THE WITNESS WILL TESTIFY | OBJECTIONS* | Specific Legal Basis for Objection |
|---|---|---|---|
| **Anya Soto, Respondent** | HIGH | No | |
| **Lili Soto** | HIGH | No | |
| **V. Romanov** | HIGH | No | |
| **M. Romanov** | LOW | YES | Location, Age, Maturity |
| **Jeff Rechtshaffen** | HIGH | No | |
| **Filiberto Sotolongo** | HIGH | YES | Relevancy |

**6.  List of Each Expert Witnesses:**

1. STEVEN M. BOOKMAN
2. JEFF RECHTSHAFFEN.

**7.  A breakdown of the type and amount of Monetary damages:**

      None.

**8.  List of each deposition offered in lieu of live testimony:**

      None.

**9.  A concise statement of each admitted fact:**

**(Respondent's admissions of fact necessary for Petitioner to establish a prima facie case under the pending cause of action are conditional in that the Petitioner must personally appear before the Court on the days of trial.)**

    a.  Petitioner is the father of the children.
    b.  Respondent is the mother of the children.
    c.  The minor children are both under the age of sixteen (16).
    d.  The parties were married on January 15, 2008, separated in 2017, and were formally divorced in 2019.
    e.  The Respondent and the children do not live in Florida.
    f.  On May 22, 2008, V.A.R. was born into the marriage, and on August 25, 2012, M.A.R. was born into the marriage.
    g.  The parties entered into a separation agreement in March of 2017 and of which was fully executed on April 7, 2017 as attached to the Petition as Exhibit "D."
    h.  The parties and the minor children are Canadian citizens.
    i.  The parties' children continuously resided in Canada, except for temporary absences until March 10, 2020.  On or about March 10, 2020 the children traveled with the Respondent and her spouse to Jacksonville, Florida and returned to Canada on May 5, 2020.  The children then resided in Canada until their departure on or about December 13, 2021 when they again traveled to Jacksonville, Florida with the Respondent and her spouse.  The children remained in Jacksonville until August 21, 2021.  After that they traveled to and remained in the general vicinity of San Diego, California, which includes a number of municipalities or suburbs, such as Carlsbad.
    j.  The minor children are currently living with Respondent in Carlsbad, California.
    k.  The children have been in the United States for approximately eleven (11) months, nine (9) months in Florida and two (2) months in California from today's date.

**10. A concise statement of each agreed principle of law:**

    a.  The Petition initiating this action (the "Petition") is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The

Hague on October 25, 1980[1] (hereinafter the "Convention" or "Treaty") and 22 U.S.C. §9001 et. seq.

b. Canada ratified the Convention on February 6, 1983.

c. The Convention went into effect in the United States of America on July 1, 1988, and thereby was ratified between the United States of America and Canada.

d. The objects of the Convention are:

   i. Article 1 (a): To secure the prompt return of children wrongfully retained or removed in any Contracting State; and

   ii. Article 1 (b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

e. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b); 22 U.S.C. 9001.

f. The Central Authority is charged under the Treaty to communicate with, and transmit their request to, the United States Department of State for urgent assistance in the prompt location and recovery of the minor children.

**11. A concise statement of each issue of fact without incorporating another paper:**

See Response to number nine (9) above.

**12. A concise statement of each issue of law without incorporating another paper:**

See Response to number ten (10) above.

**13.  A list of each pending motion or other unresolved issue:**

None.

**14. A statement of the usefulness of further settlement discussions:**

The parties are highly unlikely to reach any settlement.

*(This portion of the page intentionally left blank.)*

---

[1] TIAS, No.11670 at 1,22514 U.N.T.S. at 98 represented in 51 Fed.Reg. 10,493 (1986).

*(Continuation of Seconded Amended Pre-Trial Statement)*

"In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action."

Dated this 8th day of November, 2021.

| | |
|---|---|
| **BOYER LAW FIRM, P.L.** | **Datz & Datz, P.A.** |
| */S/ Francis M. Boyer* | |
| Francis M. Boyer, Esq. | Lawrence C. Datz |
| Florida Bar No. 55458 | Florida Bar No.:  371386 |
| Offices at Business Place | 6816 Southpoint Parkway, Suite 101 |
| 9471 Baymeadows Road | Jacksonville, Florida 32216-1706 |
| Suite 404 | Telephone:  (904) 296-7440 |
| Jacksonville, Florida 32256 | Primary Email:  ldatz@datzlaw.net |
| Tel : (904) 236-5317 | Secondary Email:  datzservice@gmail.com |
| Fax: (904) 371-3935 | Attorney for Respondent |
| FBoyer@BoyerLawFirm.com | |
| *Attorney for Petitioner* | |