UNITED STATES DISTICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXANDER ROMANOV,
an individual,

    Petitioner,

v.                                                Case No. 3:21-cv-779-MMH-MCR

ANYA SOTO, an individual,

    Respondent.

## RESPONDENT'S NOTICE OF ISSUES FOR TRIAL

Anya Soto, Respondent, furnishes this notice refining her "Concise Statement of each party's position" recited in paragraph 3 of the "Second Amended Pre-Trial Statement," as orally ordered by the Court at the final pretrial conference held November 9, 2021, and states:

1. The original language of the pretrial statement was:

    Respondent raised several defenses through her answer. However, by admission of facts herein below, Respondent recognizes that her primary defense is the children's objection to return. The other defenses raised by the Respondent's answer technically are not being abandoned but are unlikely to be established as a result of a lack of evidence and admitted facts.

2. **Conditional Statement:** As with the Respondent's stipulation of facts recited in the "Second Amended Pre-Trial Statement," her admission of elements of a prima facie case and abandonment of defenses are conditioned upon Alexander Romanov, Petitioner, personally appearing before the Court on the dates of trial. The reason for this condition is, in the event the Petitioner fails to appear for trial, he would not be able to prove a prima facie case and, therefore, would not be entitled to the relief he seeks.

3. **Habitual Residence:** The Respondent admits that the parties' children who are the subject of these proceedings were habitually resident in Canada until March 10, 2020, when they traveled to Jacksonville, Florida with their mother, her new spouse, and step sibling. The determination of the children's country of habitual residence after that date remains at issue. The Respondent's position is that the events and circumstances occurring after March 10, 2020 through the time the instant action was filed to date constitute a settledness and sufficient decree of continuity such that the children's habitual residence in Canada was abandoned, and the children became habitually resident in the United States.

4. **Wrongful Removal or Retention:** The element of whether the Respondent wrongfully removed the parties' children from Canada or wrongfully retained them in the United States remains at issue. The Respondent's position is that the Petitioner, consented to the children's removal from Canada and his subsequent actions amount to acquiescence in their retention in the United States.

5. **Affirmative Defenses:** (The references below to particular defenses

are to the defenses raised in the Respondent's answer.)

(a)  The Respondent's "First Defense" of failure to exercise rights of custody is abandoned.

(b) The Respondent's "Second Defense" as to the Petitioner's consent or acquiesce to removal or retention are maintained.

(c)  The Respondent's "Third Defense" relating to a "grave risk" or an "intolerable situation" is abandoned.

(d)  The Respondent's "Fourth Defense" of the children's objection to return is maintained.

**WHEREFORE,** the Court and Respondent may relay on the foregoing as a supplement to the statement of her position in the "Second Amended Pre-Trial Statement."

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was furnished to Francis M. Boyer and to Jennifer F. W. Sticha of the Boyer Law Firm, P.L., 9471 Baymeadows Road, Suite 406, Jacksonville, Florida 32256, Attorneys for Petitioner, through the

*(This portion of the page intentionally left blank.)*

Electronic Filing system authorized by the Court, to FBoyer@BoyerLawFirm.com, this 11th day of November, 2021.

                               Datz & Datz, P.A.

By: _____
                               Lawrence C. Datz
                               Florida Bar No.:  371386
                               6816 Southpoint Parkway, Suite 101
                               Jacksonville, Florida 32216-1706
                               Telephone:  (904) 296-7440
                               Primary Email:  ldatz@datzlaw.net
                               Secondary Email:  datzservice@gmail.com
                               Attorney for Respondent